IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal Action No. |
| ) | 14-00169-JTM-01 |
| ERIC G. KING, ) | |
| ) | |
| Defendant. ) | |

## DETENTION ORDER

On September 17, 2014, the government moved to detain Defendant pending trial, and on September 22, 2014, I held a detention hearing. I find by clear and convincing evidence that Defendant poses a danger to the community and that no single condition of release or combination of conditions of release will reasonably assure the safety of the community.

### I. BACKGROUND

On September 17, 2014, a criminal complaint was filed charging Defendant with one count of forcibly opposing, impeding, intimidating and interfering with an officer or employee of the United States while such person was engaged in or on account of the performance of official duties, the commission of such act using a dangerous instrument designed to cause death or danger, in violation of 18 U.S.C. §§ 111(a)(1) and (b). Defendant appeared before the Honorable John T. Maughmer for a first appearance on September 18, 2014. Counsel for the government filed a motion for a detention hearing and a motion to continue the hearing. Those motions were granted, and Defendant was

remanded to the custody of the United States Marshal pending the hearing.

A detention hearing was held before me on September 22, 2014. Defendant appeared in person, represented by appointed counsel Carrie Allen. The government was represented by Assistant United States Attorney Stefan Hughes. The parties stipulated that the court consider the information in the Pretrial Services Report of Probation Officer Timothy Hair as the testimony he would give, under oath, if called as a witness. I took judicial notice of the testimony adduced during the preliminary examination. Neither party offered any additional evidence.

## II. FINDINGS OF FACT

On the basis of the information contained in the report and Special Agent Jonathan Spaeth's testimony, I find that:

1. Defendant, 28, reported he has lived in the Kansas City area the vast majority of his life, although he did live in London, England for two years, Nashville, Tennessee for two years and briefly in Dallas, Texas. He currently resides with a friend.

2. Defendant maintains regular contact with his mother, who resides locally; he does not know his biological father. Defendant is estranged from his only sibling.

3. Defendant has never been married and does not have any children.

4. Defendant has been employed as a cook for the past two months.

5. Defendant is in good physical health. Defendant reported no history of mental illness. However, his mother advised Defendant was evaluated several years ago after he was involved in an altercation with several other individuals in her basement. Defendant was quite intoxicated at the time of this incident. Defendant was hospitalized

for a couple of days and briefly met with a counselor. She does not believe Defendant has been involved in any recent counseling or treatment.

6. Defendant acknowledged he has been an occasional user of marijuana since the age of 12, adding he last used the drug about six months ago. He disclosed he experimented with cocaine, amphetamine and ecstasy, although he stated he had not used such drugs recently. Defendant indicated he had never been involved in drug treatment.

7. Defendant's criminal history includes the following:

| Date | Charge | Disposition |
|---|---|---|
| 06/04/05 | (1) Battery on Law Enforcement Officer<br>(2) Obstruct Legal Process<br>(3) Criminal Trespass | (1)-(3) Diversion granted |
| 09/16/14 | Property Damage – 1st Degree | No disposition listed |
| This corresponds with the date of Defendant's arrest on the instant alleged offense. | | |

8. Defendant has an outstanding Wyandotte County, Kansas traffic warrant and an outstanding Platte Woods, Missouri traffic warrant.

9. Special Agent Spaeth testified that at 2:52 a.m. on September 11, 2014, Defendant threw two Molotov cocktails at the Congressional Office of Emanuel Cleaver. A hammer which was used to break the window and two broken Molotov cocktails were recovered from the scene. Preliminary DNA testing revealed DNA on the hammer and wicks of the Molotov cocktails matched that of Defendant. Social media and Facebook posts by Defendant include:

- "KC Fight Back celebrated its first labor day with a lovely variety of action, action and more action against a series of government and

3

> Financial properties.

- "KC Fight Back Insurrectionist Collective is alive"
- "these cops aren't going to kill themselves, get to the streets. ACAB FCIC (A)."
- "I want to leave kc better than I found or an ashes."
- "KC Fight Back has been in serious in its Insurrection activity, and that is the thing that is giving me the most pride in my life."
- "Mates where area?  This city is too big and the community is too awesome to be this un-active.  I know there are a lot of small things going on , but lets get back to unity an solidarity and join up for a big one.  We have countless options in this city in honesty; The Federal god damn Reserve is here!   Bank of America Headquarters, Nuclear Bomb making facility, Walmarts galore, KCPD IRS building, WW1 memorial, as so forth.  I have many plans, but we need to be in it together. –EK (FOUNTAINCITYINSURRECTIONIST)."

A letter found inside Defendant's apartment identified police officers, pay day loans, banks and the Federal Reserve as future targets.   The end of the letter read, "K.C.F.B.I.C. has declared war on the Missouri National Government."   Drug paraphernalia and gunshot shells were also recovered from Defendant's apartment.

### III.    CONCLUSIONS

I find by clear and convincing evidence that no single condition or combination of conditions of release will reasonably assure the safety of the community.   Defendant is charged with obstruction of an officer/employee of the United States involving throwing Molotov cocktails at Representative Cleaver's office.   He subscribes to an insurrectionist belief system and had identified future targets.   Defendant's criminal

4

history includes assaultive behavior toward a law enforcement officer. Defendant has a history of illicit substance usage, and had drug paraphernalia in his apartment. It is, therefore

ORDERED that Defendant be committed to the custody of the Attorney General or his authorized representative for detention pending grand jury action and, if an indictment is returned, pending trial. It is further

ORDERED that Defendant be confined in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. It is further

ORDERED that the Attorney General or his authorized representative ensure that Defendant is afforded reasonable opportunity for private consultation with his counsel. It is further

ORDERED that, on order of a court in the Western District of Missouri, the person in charge of the corrections facility where Defendant is confined deliver Defendant to a United States Marshal for his appearance in connection with a court proceeding.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
September 24, 2014

5